# Wilson, Appellant, v. Atlantic Crushed Coke Company.

*Negligence—Master and servant—Explosion of dynamite—Defective fuse—Mines and mining.*

In an action by a coal miner against his employer, the owner of a coal mine, binding instructions for the defendant are proper where the evidence shows that the plaintiff and a competent foreman were engaged in blasting with dynamite; that three fuses connected with charges were lighted at the same time; that within two or three minutes after the men had reached a place of safety two of the charges went off; that after waiting twenty or twenty-five minutes they started back to clear away the debris when the third charge exploded, and plaintiff was injured; that the cause of the delay was the absence of powder in some inside part of the fuse; that this defect in the fuse could not be ascertained by inspection; that the usual period of delay in an explosion did not exceed six or eight minutes, and the only instance of a longer delay was a single one in an experience of thirty-five years; that the plaintiff had worked many years in mines and knew that there was a possibility that the charge which had not exploded with the others might explode later; and that the appliances used for exploding the dynamite were those in common use in coal mines.

Argued Oct. 16, 1907. Appeal, No. 163, Oct. T., 1907, by plaintiff, from judgment of C. P. Westmoreland Co., Aug. T., 1906, No. 321, on verdict for defendant in case of William M. Wilson v. Atlantic Crushed Coke Company. Before MITCH-

ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-
ART, JJ.  Affirmed.

· · Trespass to recover damages for personal injuries.  Before
DOTY, P. J.  ·

The facts are stated in the opinion of the Supreme Court.
Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for de-
fendant.

*D. J. Snyder*, for appellant, cited: Tissue v. Baltimore &
Ohio R. R. Co., 112 Pa. 91 ; Levy v. Rosenblatt, 21 Pa. Superior
Ct. 543 ; Wagner v. Jayne Chemical Co., 147 Pa. 475 ; New
v. Milligan, 27 Pa. Superior Ct. 516 ; McCray v. Varnish Co.,
7 Pa. Superior Ct. 610 ; Doyle v. Pittsburg Waste Co., 204
Pa. 618 ; Sweigert v. Klingensmith, 210 Pa. 565 ; Rummel v.
Dilworth, 131 Pa. 509 ; Libbering v. Struthers, 157 Pa. 312 ;
Bannon v. Lutz, 158 Pa. 166.

· · *Robert W. Smith*, with him *William S. Rial* and *James S.
Moorhead*, for appellee.

OPINION BY MR. JUSTICE FELL, January 6, 1908 :

The plaintiff was employed as a laborer in a coal mine oper-
ated by the defendant, and at the time of his injury he was
engaged in blasting with dynamite under the direction of an
experienced foreman.  Three fuses connected with charges
were lighted at the same time, and the foreman, the plaintiff
and another man, who was assisting with the work, withdrew
to a place of safety.  In two or three minutes after they had
reached this place two of the charges went off.  They waited
twenty to twenty-five minutes because of the danger from the
explosion of the third charge, and then started back to clear
away the debris.  When they were near the third charge it
exploded, and the foreman was killed and the plaintiff was
injured.

The cause of the delay of the explosion of the third charge
· was the absence of powder in some part of the inside of the
fuse.  In the experience of the witnesses it had been found

that occasionally fuses were defective in this respect, and that fuses lighted at the same time would not burn with equal rapidity and cause simultaneous explosions. The usual period of delay in an explosion did not exceed six or eight minutes, and the only instance of a longer delay was a single one in an experience of thirty-five years. This defect in a fuse was admittedly one that could not be discerned by inspection. The plaintiff had worked many years in mines and in other places where blasting was done, and, while his experience in the actual work of blasting may have been limited, he knew that there was a possibility that the charge which had not exploded with the others might explode later, and he waited until in his judgment or that of the foreman all danger from that source had passed. The appliances used for exploding the dynamite were those in common, in fact in almost universal, use in coal mines.

There was then no ground on which a finding of negligence could be based. There was not a failure to provide proper appliances. The defect in the fuse was latent, and not discoverable by inspection. There was no negligence in the method employed, because it was the usual method, and " the unbending test of negligence in methods, machinery and appliances is the ordinary use of the business : " Titus v. Railroad Co., 136 Pa. 618. There was no necessity for instruction, because the plaintiff was familiar with the ordinary dangers of the work in which he was engaged, and he knew the special danger of an explosion of the third charge and waited until he or a fellow workman, on whose judgment he relied, believed all danger had passed, and for a time much longer than in the experience of any of his witnesses danger was to be apprehended. No warning could have gone further than this. The direction to find a verdict for the defendant was a proper one under the testimony.

The judgment is affirmed.